HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NOREEN ROUSE,

                    Plaintiff,

        v.

WELLS FARGO BANK, N.A.;
FEDERAL HOME LOAN MORTGAGE
CORPORATION; AMERICAN LAW
CENTERS LLC; NORTHWEST
TRUSTEE SERVICES, INC.; and DOES
1-20, Inclusive,

                    Defendant.

CASE NO. C13-5706 RBL

ORDER GRANTING MOTIONS TO
DISMISS

[Dkt. #s 9, 15]

        THIS MATTER is before the Court on Defendants Wells Fargo's and Federal Home

Loan Mortgage Corporation's ("Freddie Mac") joint Motion to Dismiss [Dkt. #9] and Northwest

Trustee Services (NWTS), Inc.'s separate Motion to Dismiss [Dkt. #15].  Plaintiff Noreen

Rouse[1] sued multiple defendants for violations relating to the foreclosure and sale of her home

---

[1] Rouse now suffers from dementia, and Diane Greig, a family member, sued on her behalf.

and property.  Rouse alleges that the defendants violated the Washington Deed of Trust Act, RCW 61.24, *et seq.*, and the Washington Consumer Protection Act, RCW 19.86, *et seq.*, and that they made intentional and negligent misrepresentations to her throughout the foreclosure process. She seeks damages and to invalidate the sale.  All the claims stem from Rouse's allegation that Wells Fargo foreclosed on her without the legal authority to do so.  She claims that Freddie Mac was the true holder and owner of her promissory note, and that the Deed of Trust Act required it to foreclose in its own name.

Defendants argue that Rouse waived her claim to invalidate the sale under the Deed of Trust Act because she failed to take action to enjoin the trustee's sale of her property before the sale commenced.  Moreover, Defendants argue that Wells Fargo was in possession of the note endorsed in blank at all times relevant to this suit and that it was thus the note holder and beneficiary, with power to foreclose on the property.  Because Rouse has waived her right to bring the Deed of Trust Act claims, and because she has failed to allege facts that show Wells Fargo did not hold the note, Rouse has failed to state a claim upon which relief can granted.  The Motions to Dismiss are GRANTED, and each of Rouse's claims as to these Defendants are therefore DISMISSED.

## I.   BACKGROUND

Rouse borrowed money in the form of a mortgage loan from Wells Fargo on December 27, 2004.  [Dkt. #1, Compl. at ¶2.1].  The debt was evidenced by a promissory note and secured by a Deed of Trust on her home.  Wells Fargo was the beneficiary of the Deed of Trust. [*Id.* at ¶2.2].  Rouse made payments on the loan for many years, but she eventually fell behind on the mortgage, and in 2009 NWTS commenced non-judicial foreclosure proceedings against the property. [Dkt. # 11, Decl. of Benjamin Roesch, Ex. 2].  Rouse brought suit against Wells Fargo

and NWTS, alleging that the foreclosure was unlawful because Wells Fargo was not the holder or owner of the note.  [*Id.*, Ex. 3].  Rouse eventually voluntarily dismissed the suit and NWTS discontinued the sale after Wells Fargo agreed to modify Rouse's loan.

Rouse defaulted again, and on September 13, 2010, NWTS once again commenced non-judicial foreclosure proceedings against the property.  [*Id.*, Ex. 7].  Rouse unsuccessfully sought to modify the loan a second time, and she twice filed bankruptcy petitions, which stayed the trustee's sale.  However, Rouse was unable to sustain a Chapter 13 bankruptcy plan, and the bankruptcy court dismissed her petitions. [*Id.*, Ex. 9].

After NWTS recorded an Amended Notice of Trustee's Sale, scheduling the sale for September 23, 2011, Rouse requested mediation under the Foreclosure Fairness Act, RCW 61.24.163.  During the mediation, Wells Fargo relied on a "beneficiary designation" signed on August 10, 2010, which said that Wells Fargo "is the actual holder of the promissory note or other obligation evidencing the above-referenced loan or has requisite authority under RCW 62A3-301 to enforce said obligation."  [Dkt. #1, Compl. at ¶2.8].  The parties did not settle, though the mediator certified that Wells Fargo mediated in good faith.  [*Id.* at ¶2.11].

The trustee's sale was held on January 20, 2012, the last possible day under the 120-day limit imposed by the Deed of Trust Act.  [Dkt. #11, Roesch Decl., Ex. 11, page 2, ¶10].  Following the sale, Rouse brought this suit against Wells Fargo, NWTS, and Freddie Mac, alleging violations under the Washington Deed of Trust Act, the Washington Consumer

Protection Act, and common law claims for intentional and negligent misrepresentation.[2] Essentially, all of these claims are based on Rouse's allegation that Wells Fargo did not have authority to foreclose on her property because it was neither the owner nor the holder of her promissory note. Rouse argues that Freddie Mac was the true owner of her note and, as such, was required under the Deed of Trust Act to foreclose on her property in its own name.

Defendants argue that Rouse has waived her right to bring her Deed of Trust Act claims by not bringing suit prior to the trustee's sale. In addition, Defendants contend that all Rouse's claims fail because Wells Fargo possessed the note as either the owner or the holder at all times pertinent to this suit. They acknowledge that Freddie Mac owned the note, but they argue that Wells Fargo held the note for Freddie Mac, and that the note was endorsed in blank, making it payable to the holder. Moreover, Defendants contend that the beneficiary designation signed on August 10, 2010, is proof that Wells Fargo is the holder and beneficiary of the note under the Deed of Trust Act.

## II.   DISCUSSION

### A. Standard of Review

Dismissal under Fed. R. Civ. P. 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint must allege facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). A claim has "facial plausibility" when the party seeking relief "pleads

---

[2] The Complaint also lists claims against Defendant American Law Center, LLC, which are not addressed in this Order.

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although the Court must accept as true the Complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion. *Vasquez v. L.A. County,* 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly* ).

### B. Waiver of Washington Deed of Trust Act Claims

Rouse's first cause of action is under the Washington Deed of Trust Act, RCW 61.24 *et seq.* She claims that Wells Fargo has purported to be the holder of her note when it did not in fact possess the note with authority to foreclosure on her property. [Dkt. #1, Compl. at ¶3.15]. Therefore, according to Rouse, Wells Fargo did not have the legal authority to appoint NWTS as successor trustee or give it subsequent instructions to initiate and complete the non-judicial foreclosure. [*Id.*] She seeks to invalidate the foreclosure sale of her property.

Defendants argue that Rouse has waived her right to invalidate the sale because she failed to file an action to enjoin the sale prior to the sale taking place. Washington law is clear that where a borrower has knowledge of a defense to the foreclosure but fails to restrain a trustee's sale, she waives claims arising from the underlying debt and related to the sale itself. RCW 61.24.130; *Plein v.* Lackey, 149 Wn.2d 214, 227, 67 P.3d 1061 (2003); Brown *v. Household*

*Realty Corp.*, 146 Wn. App. 157, 163, 189 P.3d 233 (2008).  To find waiver, courts look to three elements: "waiver of any postsale contest occurs when a party (1) received notice of the right to enjoin the sale, (2) had actual or constructive knowledge of a defense to foreclosure prior to the sale, and (3) failed to bring an action to obtain a court order enjoining the sale."  *Plein*, 149 Wn.2d at 227.

Rouse does not strenuously contest that the elements are met here.  The Notice of Trustee's Sale provided Rouse with notice of her right to enjoin the sale.[3]  There is also no dispute that Rouse did not bring an action to obtain a court order enjoining the sale.

Finally, it is clear that Rouse had knowledge of the defense to foreclosure that she now asserts prior to the January 20, 2012 trustee's sale.  Rouse previously filed a lawsuit against Wells Fargo and NWTS to enjoin the 2009 trustee's sale, where she alleged similar claims to those raised here.  Rouse cannot now claim that she did not know that Wells Fargo did not own the note when she brought a lawsuit in 2009 alleging that very fact.  Moreover, in her complaint, Rouse alleges that Freddie Mac's loan ownership is "confirmed by multiple documents, including the Broker's Price Opinion provided during the mediation which indicated that the loan was a Freddie Mac loan."  [Dkt. #1, Compl. at ¶2.7].  Rouse cannot allege that documents provided to her by Wells Fargo prior to the December 20, 2011 mediation indicate that Freddie Mac owned the loan without accepting that she had knowledge of her defense to foreclosure prior to the January 20, 2012 trustee's sale.

---

[3] "Anyone having any objection to the sale on any grounds whatsoever will be afforded an opportunity to be heard as to those objections if they bring a lawsuit to restrain the sale pursuant to RCW 61.24.130.  Failure to bring such a lawsuit may result in a waiver of any proper grounds for invalidating the Trustee's sale."  [Dkt. #11, Roesch Decl., Ex. 10, p. 3, ¶IX].

Rouse makes two arguments against the Court finding waiver.  First, she argues that RCW 61.24.127 "clearly allows Ms. Rouse's claims for damages."  [Dkt. #16 at 24].  This assertion is not correct.  RCW 61.24.127 preserves certain claims[4] but not Rouse's Deed of Trust Act claims here.  Washington courts have held that "a failure to seek presale remedies under the Deed of Trust Act bars a borrower's claim arising out of any underlying obligation secured by the foreclosed deed of trust."  *Brown*, 146 Wn. App. at 167; *In re Marriage of Kaseburg*, 126 Wn. App. 546, 108 P.3d 1278 (2005).  Therefore, Rouse's failure to bring a presale action to enjoin the sale also waives her claim for damages under the Deed of Trust Act.[5]

Second, Rouse argues that the balance of equities demands that she be allowed to challenge the trustee's sale.  While waiver is an equitable doctrine, and the Court is sensitive to Rouse's ongoing health problems, waiver is appropriate here.  Rouse was represented by counsel at the time of the foreclosure, and she had ample opportunity to seek to enjoin the sale.  The trustee's sale was postponed for 120 days—the maximum time permitted by the Deed of Trust Act.  *See* RCW 61.24.040(6).  Rouse's Deed of Trust Act claims are thus barred by waiver, and the claims are dismissed with prejudice.

---

[4] RCW 61.24.127(1):
> The failure of the borrower or grantor to bring a civil action to enjoin a foreclosure sale under this chapter may not be deemed a waiver of a claim for damages asserting:
> (a) Common law fraud or misrepresentation;
> (b) A violation of Title 19 RCW;
> (c) Failure of the trustee to materially comply with the provisions of this chapter; or
> (d) A violation of RCW 61.24.026.

[5] Rouse's claims under the Consumer Protection Act and her claims for intentional and negligent misrepresentation claims are exempted from waiver by the plain language of RCW 61.24.127(1).

1

2

**C.  Consumer Protection Act Claims**

3

Rouse alleges claims against all Defendants for violation of the Washington Consumer

4

Protection Act, RCW 19.86 *et seq.*  To prevail on a claim on a CPA violation, a plaintiff must

5

establish five elements: "(1) An unfair or deceptive act or practice; (2) occurring in trade or

6

commerce; (3) public interest impact; (4) injury to plaintiff's business or property; and (5)

7

causation." *Brown ex. Rel. Richards v. Brown*, 157 Wn. App. 803, 815, 239 P.3d 602 (2010)

8

(citing *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 719 P.2d

9

531 (1986)).

10

Rouse bases her CPA claim on the allegation that Wells Fargo and Freddie Mac "have

11

made numerous misrepresentations about the ownership of Ms. Rouse's Promissory Note and the

12

'beneficiary' as defined by the Deed of Trust Act, as well as the identity of the owner of the

13

beneficial interest in their Deed of Trust."  [Dkt. #1, Compl. at ¶3.7].  She contends that

14

Defendants have repeatedly engaged in making similar representations to other Washington

15

homeowners and thus have engaged in a pattern and practice of unfair and deceptive business

16

practices in violation of the CPA.  [*Id.* at ¶3.8].

17

Defendants argue that Rouse's allegations do not show any misrepresentation by any of

18

the Defendants.  They contend that there is no dispute that Wells Fargo at all times possessed the

19

Note, which was either payable to Wells Fargo or endorsed "in blank"—making it payable to the

20

person in possession. Wells Fargo was therefore at all times the "holder" of the Note as defined

21

by the UCC and the "beneficiary" to the Deed of Trust as defined by the Deed of Trust Act.

22

[Dkt. #9, Def. Mot. to Dismiss at 20].  In addition, Defendants argue that there was no

23

misrepresentation regarding ownership of the Note because Wells Fargo complied with RCW

24

61.24.030(7)(a).  [*Id.*]

ORDER GRANTING MOTIONS TO DISMISS - 8

The Washington UCC defines "holder" with respect to a negotiable instrument as "the person *in possession if the instrument is payable to bearer* or, in the case of an instrument payable to an identified person, if the identified person is in possession."  RCW 62A.1-201(20) (emphasis added).   In addition, the Deed of Trust Act defines beneficiary as "the holder of the instrument or document evidencing the obligations secured by the deed of trust."  RCW 61.24.005(2).

Here, Wells Fargo asserts that it has been in possession of the Note—either as owner or as holder of the Note endorsed "in blank"—at all times pertinent to this suit.  Rouse does not allege any facts to the contrary.  Therefore, Rouse has failed to allege facts that could show that Wells Fargo is not the "holder" as defined by the UCC.  As the "holder" of the Note and therefore the "beneficiary" under the Deed of Trust Act, Wells Fargo had authority to appoint a successor trustee and foreclose on the property.

Rouse focuses her Complaint on her argument that the owner of the Note is required to foreclose in its own name.  This argument is rooted in the language of RCW 61.24.030(7)(a), which states that "the trustee shall have proof that the beneficiary is the owner of any promissory note or other obligation secured by the deed of trust" before initiating a non-judicial foreclosure.  RCW 61.24.030(7)(a).  However, the statute goes on to say that a declaration by the beneficiary stating that it is the holder satisfies this requirement: "[a] declaration by the beneficiary made under the penalty of perjury stating that the beneficiary is the actual holder of the promissory note or other obligation secured by the deed of trust shall be sufficient proof as required under this subsection."  RCW 61.24.030(7)(a).  Wells Fargo's declaration that it is the "actual holder" meets this requirement.

Moreover, courts have uniformly rejected claims that only the "owner" of the note may enforce it. *Corales v. Flagstar Bank, FSB*, 822 F. Supp. 2d 1102 (W.D. Wash. 2011); *Zalac v. CTX Mortg. Corp.*, No. C12-01474-MJP, 2013 WL 1990728 (W.D. Wash. May 13, 2013).  In *Corales*, the plaintiffs alleged that Flagstar Bank transferred their loan into a mortgaged-backed security fund related to Fannie Mae, and therefore argued that Flagstar lacked authority to enforce the deed of trust.  822 F. Supp. 2d at 1107.  The court granted summary judgment for Flagstar Bank, because "it [was] undisputed that Flagstar is in possession of the original Note at issue, endorsed in blank.  Flagstar therefore is the holder of the Note with the right to enforce it and the corresponding Deed of Trust."  *Id.*

In *Zalac*, the plaintiff similarly alleged CPA violations where Chase Bank claimed to be "the holder of Plaintiff's note in the notice of default and notice of trustee's sale, when [defendants] knew or should have known the actual holder to be Fannie Mae."  2013 WL 1990728 at *3.  The court dismissed the claim and explained that Chase had authority to enforce the deed of trust because it had physical possession of the note endorsed in blank:

> Plaintiff does not contest that Chase is in physical possession of the note and that it is endorsed in blank.  Therefore, Chase is the holder of the note as a matter of law.  Further, despite the sale of the Plaintiff's loan to Fannie Mae, Chase alerted Plaintiff that it remained servicer of his loan and was authorized to handle any of Plaintiff's concerns.

*Id.*  Here, Wells Fargo, as holder of the note endorsed in blank, was authorized to enforce the Deed of Trust and initiate the foreclosure proceedings.  Rouse's misrepresentation allegations therefore fail to state a claim under the CPA against Wells Fargo or Freddie Mac.

In addition, Rouse's allegation that NWTS made false representations by conducting the foreclosure and asserting that Wells Fargo was the beneficiary is similarly without merit.

Because Wells Fargo was the beneficiary under the Deed of Trust Act as a matter of law, Rouse has failed to state a claim under the CPA against NWTS.

Defendants fully complied with the Deed of Trust Act and Rouse's allegations against each of the Defendants fail to state a claim under the CPA upon which relief can be granted. Therefore, Rouse's CPA claims against these Defendants are dismissed with prejudice.

### D.  Intentional and Negligent Misrepresentation Claims

Rouse alleges claims against all Defendants for intentional and negligent misrepresentation, again rooted in her argument that Wells Fargo was not the "Note Holder/Note Owner." [Dkt. #1, Compl. at ¶3.2].  She claims that these misrepresentations caused her to lose her home and to pay for the cost of attending an "entirely worthless" mediation.  [*Id.*]

A claim of intentional misrepresentation is essentially a claim of fraud.  Under Washington law, a plaintiff must plead nine elements to state a claim for fraud or misrepresentation:

> (1) representation of an existing fact; (2) materiality; (3) falsity; (4) the speaker's knowledge of its falsity; (5) intent of the speaker that it should be acted upon by the plaintiff; (6) plaintiff's ignorance of its falsity; (7) plaintiff's reliance on the truth of the representation; (8) plaintiff's right to rely upon it; and (9) damages suffered by the plaintiff.

*Stieneke v. Russi*, 145 Wn. App. 544, 563, 190 P.3d 60 (2008) (citing *Stiley v. Block*, 130 Wn.2d 486, 505, 925 P.2d 194 (1996)). Similarly, a *negligent* misrepresentation occurs when:

> [o]ne who, in the course of his business, profession, or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by the justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

*ESCA Corp. v. KPMG Peat Marwick*, 135 Wn.2d 820, 826, 959 P.2d 651 (1998).

Rouse's claims are meritless. Wells Fargo was the note holder and beneficiary as defined by the Deed of Trust Act. Moreover, Rouse does not identify any representation that Wells Fargo was the "note owner." Because Wells Fargo has provided a declaration under RCW 64.24.030(7)(a) that it actually held the note or had authority to enforce it—and because Rouse does not allege that Wells Fargo was not at all times in possession of the note—there was not a misrepresentation of existing fact, and Rouse's misrepresentation claims against these Defendants are dismissed with prejudice.

### III.   CONCLUSION

Defendants' Motions to Dismiss are **GRANTED**. Rouse's claims against Defendants Wells Fargo, Freddie Mac, and NWTS are **DISMISSED** with prejudice. Rouse's claims against Defendant American Law Centers, LLC, remain.

IT IS SO ORDERED.

Dated this 2nd day of October, 2013.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE